Schorr Law
A Professional
Corporation

1  SCHORR LAW
   A Professional Corporation
2  ZACHARY D. SCHORR (CA Bar No. 222510)
   12100 Wilshire Boulevard, Suite 620
3  Los Angeles, California 90025
   Telephone: (310) 954-1877
4  Facsimile (310) 402-5972
   Email:zschorr@schorr-law.com
5
   Attorneys for Plaintiffs
6  VATCH AROUCHIAN and
   PAMELA ANNE AROUCHIAN
7

8

9             UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 | VATCH AROUCHIAN, an individual, ) Case No. 5:12-cv-01028-PSG-DTB
   | PAMELA A. AROUCHIAN, an individual; )
13 |                                       ) *Assigned for All Purposes to the Honorable*
   |                                       ) *Philip S. Gutierrez, Room 880*
14 |                                       )
   |           Plaintiffs,                 ) **NOTICE OF MOTION AND MOTION**
15 |                                       ) **TO BE RELIEVED AS COUNSEL**
   |                                       )
16 |    vs.                                ) [Proposed Order submitted under separate
17 |                                       ) cover]
   |                                       )
18 | BANK OF AMERICA, N.A., FEDERAL        ) **Hearing**
   | HOME LOAN MORTGAGE                    ) Date: January 28, 2012
19 | CORPORATION, and DOES 1 to 25,        ) Time: 1:30 p.m.
   | inclusive.                            ) Dept.: Court Room 880
20 |                                       )
21 |                                       )
   |           Defendants.                 )
22 |                                       )
23 |                                       )

24

25

26

27

28

                                    1
                                                    Motion to Be Relieved;
                                                    Case No. 5:12-cv-01028-PSG-DTB

Schorr Law
A Professional
Corporation

1  PLEASE TAKE NOTICE that on Monday, January 28, 2012, at 1:30 p.m., in Courtroom 880 of the United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, Zachary D. Schorr, attorney of record for Plaintiffs Vatch Arouchian and Pamela Ann Arouchian, move, for an order permitting the attorney to be relieved as attorney of record in this action pursuant to United States District Court Central District of California Local Rule 83-2.9.1.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, court records and files, the accompanying declaration of Zachary D. Schorr, Esq., and upon such other matters that the Court may consider at the hearing on the Motion

DATED: November 26, 2012

SCHORR LAW
A Professional Corporation

By: _____
ZACHARY D. SCHORR
Attorneys for Plaintiffs
VATCH AROUCHIAN and
PAMELA ANNE AROUCHIAN

Motion to Be Relieved;
Case No. 5:12-cv-01028-PSG-DTB

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Schorr Law, APC and its lead attorney, Zachary D. Schorr (collectively "Schorr Law") bring this instant motion to be relieved as counsel because there has been a irreparable break down in the attorney client relationship between Schorr Law, on the one hand, and Vatch and Pamela Arouchian (the "Arouchians"), on the other hand. The breakdown in the relationship is twofold: (1) the Arouchians have not paid their bill or maintained funds in their client trust account per the applicable retainer agreement for at least three months despite repeated requests from Schorr Law and (2) the Arouchians have made it unreasonably difficult for Schorr Law to carry out its employment based on their interactions with Schorr Law. Accordingly, Schorr Law respectfully requests that this Court grant it leave to withdraw as the attorneys of record for the Arouchians.

### II. STATEMENT OF FACTS: PROCEDURAL HISTORY

Schorr Law initiated a California State Court action on behalf of the Arouchians on May 22, 2012. On or about June 22, 2012, the matter was subsequently removed to Federal Court by defendant Federal Home Loan Mortgage Corporation. Schorr Law has been diligently representing the Arouchians in all matters in this court, including opposing the defendants' lengthy Motion to Dismiss on September 24, 2012. On October 31, 2012 and then again on November 9, 2012, Schorr Law filed an amended complaint following the Court's November 11, 2012 ruling on the defendants Motion to Dismiss. The Arouchians await a response to the first amended complaint. And, as of the filing of this motion, not trial date has been set. In other words, at this time there are no pending deadlines for the Arouchians and the case is well in advance of any trial date that the Court will eventually set. (Schorr Decl., ¶3)

### III. DISCUSSION

**A. Good Cause Exists to Permit Schorr Law to Withdraw as Attorneys of Record for the Arouchians**

Under the United States District Court for the Central District of California's Local Rules, a party who has previously appeared by an attorney may not subsequently appear or act

pro se except upon order of the court after notice has been given to that party's attorney and any other parties appearing in the action. Local Rule 83-2.9.1. Moreover, "an attorney may not withdraw as counsel except by leave of court." Local Rule 83-2.9.2.1. "An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." *Id.*

Under California Rules of Professional Responsibility rule 3-700 an attorney may request permission to withdraw in matters where the client (C)(1)(d) "renders it unreasonably difficult for the member to carry out the employment effectively or (C)(1)(f) breaches an agreement or obligation to the member as to expenses or fees. (California Rules of Professional Responsibility rule 3-700(c)(1)(d), (f)). Rule 3-700 by its terms applies to any breach of an attorney-client agreement. And, a withdrawal motion may also be properly based simply on a personality clash with the client. *Estate of Falco v. Decker* (1987) 188 CA3d 1004, 1014. Such a clash is grounds for allowing the attorney to withdraw.

Here, Schorr Law's withdrawal is permitted under two provisions of CRPC 3-700(C). First, Schorr Law's seeks permission to withdraw, pursuant to CRPC 3-700(C)(1)(f) because the Arouchians have breached their obligation to pay expenses and fees per their signed written retainer agreement with Schorr Law. The Arouchians have a large outstanding balance that remains unpaid. Schorr Law has asked the Arouchians to bring their account current for the past three months but the Arouchians have failed to do so. Schorr Law warned the Arouchians for several months that if they did not bring their bill current, it would seek to withdraw from representing them. (Schorr Decl., ¶4)

Second, Schorr Law also seeks permission to withdraw, pursuant to CRPC 3-700(C)(1)(d) because the Arouchians have rendered it unreasonably difficult to carry on employment effective. Quite simply, there has been a break down in the relationship between Schorr Law, APC and the Arouchians to the point where it is now impossible for Schorr Law to carry out its employment effectively. Schorr Law, and in particular, Zachary D. Schorr, purposefully have refrained from providing extensive further detail so as not to expose information regarding the Arouchians that may be embarrassing or detrimental in light of the

underlying litigation. That said, if the Court would like additional information regarding this good faith request, Schorr Law requests an in camera hearing to provide the court with more details.

### B. The Arouchians will not be prejudiced Schorr Law's Withdrawal as Counsel of Record

No prejudice or delay will result from this application. As stated above, in the statement of facts, the timing of Schorr Law's withdrawal of counsel will not cause any delay in the prosecution of this action. As of the filing of this motion, this case is still in the pleading stage and is not yet set for trial. Indeed, the Arouchians are waiting on the defendants' response to the first amended complaint, which will not be due until January. There are no pending deadlines for the Arouchians, no scheduled deadlines, no outstanding discovery and no trial date on calendar.

### IV. CONCLUSION

Schorr Law should not be required to remain as the attorneys' of record for clients who have breached the terms of their retainer agreement by refusing to bring their account current for at least three months and after there has been a serious breakdown in the attorney client relationship. The breakdown in this case is so severe that Schorr Law cannot reasonably be expected to carry on as the Arouchians' attorneys of record. Accordingly, Schorr Law respectfully request s that it be permitted to withdraw as attorneys of record.

DATED: November 26, 2012

SCHORR LAW
A Professional Corporation

By: _____
ZACHARY D. SCHORR
Attorneys for Plaintiffs
VATCH AROUCHIAN and
PAMELA ANNE AROUCHIAN

## DECLARATION OF ZACHARY D. SCHORR, ESQ.

I, Zachary D. Schorr, declare:

1. I am an attorney at law, duly admitted to practice before the courts of the State of California and am a member of Schorr Law, A Professional Corporation. I am the attorney at my firm principally responsible for representing Vatch and Pamela Arouchian (collectively, the "Arouchians") in this action. I am also the attorney at Schorr Law, A Professional Corporation responsible for the billing and client interactions regarding this matter. As such, I have personal knowledge of the facts set forth herein that I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2. I submit this declaration in support of Schorr Law, A Professional Corporation and my motion to be relieved as counsel of record for the Arouchians.

### Procedural History

3. Schorr Law initiated a California State Court action on behalf of the Arouchians on May 22, 2012. On or about June 22, 2012, the matter was subsequently removed to Federal Court by defendant Federal Home Loan Mortgage Corporation. Schorr Law has been diligently representing the Arouchians in all matters in this court, including opposing the defendants' lengthy Motion to Dismiss on September 24, 2012. On October 31, 2012 and then again on November 9, 2012, Schorr Law filed an amended complaint following the Court's November 11, 2012 ruling on the defendants Motion to Dismiss. The Arouchians await a response to the first amended complaint. And, as of the filing of this motion, no trial date has been set. In other words, at this time there are no pending deadlines for the Arouchians and the case is well in advance of any trial date that the Court will eventually set.

### Reason for Withdrawal

4. Beginning in August and through the present time I have repeatedly warned the Arouchians that if they did not pay their fees and bring their account current, I would have no choice but to withdraw as their attorney of record.

5. Schorr Law seeks permission to withdraw, pursuant to CRPC 3-700(C)(1)(f) because the Arouchians have breached their obligation to pay expenses and fees per their

signed written retainer agreement with Schorr Law. The Arouchians have a large outstanding balance that remains unpaid. Schorr Law has asked the Arouchians to bring their account current for the past three months but the Arouchians have failed and refused to do so.

6. Schorr Law also seeks permission to withdraw, pursuant to CRPC 3-700(C)(1)(d) because the Arouchians have rendered it unreasonably difficult to carry on employment effective. Quite simply, there has been a break down in the relationship between Schorr Law, APC and the Arouchians to the point where it is now impossible for Schorr Law to carry out its employment effectively. I have purposefully refrained from providing extensive further detail so as not to expose information regarding the Arouchians that may be detrimental or embarassing in light of the underlying litigation. That said, if the Court would like additional information regarding this good faith request, I request an in camera hearing to provide the court with more details. I have in my possession numerous documents that clearly evidence the fact that the Arouchians have rendered it far beyond the unreasonably difficult level to carry on employment effectively.

7. No prejudice or delay will result from this application. As stated above, the timing of Schorr Law's withdrawal of counsel will not cause any delay in the prosecution of this action. As of the filing of this motion, this case is still in the pleading stage and is not yet set for trial. Indeed, the Arouchians are waiting on the defendants' response to the first amended complaint, which will not be due until January. There are no pending deadlines for the Arouchians, no scheduled deadlines, no outstanding discovery and no trial date on calendar.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 26, 2012 at Los Angeles, California.

ZACHARY D. SCHORR

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 12100 Wilshire Boulevard, Suite 620, Los Angeles, California 90025.

On November 27, 2012, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL** the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to:

| | |
|---|---|
| Vatch Arouchian<br>Pamela A. Arouchian<br>900 East Fairview Boulevard<br>Big Bear City, California | Plaintiffs |
| Vatch Arouchian<br>Pamela A. Arouchian<br>PO Box 1756<br>Big Bear Lake, California 92315<br><br>vatch@vacomm.com | Plaintiffs |
| Michael Gerst<br>Reed Smith LLP<br>355 South Grand Avenue, suite 2900<br>Los Angeles. California 90071 | Attorneys for Defendants Bank of America NA and Federal Home Loan Mortgage Corporation |

[X] BY REGISTERED MAIL: I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

[X] BY ELECTRONIC MAIL: I served the above-mentioned document electronically on the parties listed at the email address above, and to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

[ ] BY FACSIMILE MACHINE: The above-referenced document was transmitted by facsimile transmission and said transmission was reported as complete and without error to the fax numbers above. _

Executed on November 27, 2012, at Los Angeles, California.

[X] (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

ZACHARY D. SCHORR