Schorr Law
A Professional Corporation

1  SCHORR LAW
   A Professional Corporation
2  ZACHARY D. SCHORR (CA Bar No. 222510)
   12100 Wilshire Boulevard, Suite 620
3  Los Angeles, California 90025
   Telephone: (310) 954-1877
4  Facsimile (310) 402-5972
   Email:zschorr@schorr-law.com
5
   Attorneys for Plaintiffs
6  VATCH AROUCHIAN and
   PAMELA ANNE AROUCHIAN
7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 VATCH AROUCHIAN, an individual,      ) Case No. 5:12-cv-01028-PSG-DTB
   PAMELA A. AROUCHIAN, an individual;  )
13                                       ) *Assigned for All Purposes to the Honorable
                                         ) Philip S. Gutierrez, Room 880*
14                                       )
           Plaintiffs,                   ) **ZACHARY D. SCHORR'S REPLY TO
15                                       ) VATCH AROUCHIANS' OPPOSITION
                                         ) TO MOTION TO BE RELIEVED AS
16     vs.                               ) COUNSEL; DECLARATION OF
                                         ) ZACHARY D. SCHORR HEREWITH**
17                                       )
                                         ) **Hearing**
18 BANK OF AMERICA, N.A., FEDERAL       ) Date: January 28, 2013
   HOME LOAN MORTGAGE                    )
19 CORPORATION, and DOES 1 to 25,       ) Time: 1:30 p.m.
   inclusive.                            ) Dept.: Court Room 880
20                                       )
                                         )
21                                       )
                                         )
22         Defendants.                   )
                                         )
23                                       )
                                         )
24 _____

25

26

27

28

                                    1        Reply to Opposition to Motion to Be Relieved;
                                              Case No. 5:12-cv-01028-PSG-DTB

Schorr Law
A Professional
Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Arouchians late filed opposition to Schorr Law, APC and its lead attorney, Zachary D. Schorr's (collectively "Schorr Law") motion to be relieved as counsel should be completely disregarded as untimely. But, to the extent the Court considers it, it should note that it demonstrates, if nothing else, and despite its untruthful nature, that the Arouchians have rendered it unreasonable difficult for Schorr Law to carry out their employment effectively and that the Arouchians have breached their obligation to pay expenses and fees. California Rules of Professional Responsibility rule 3-700 (C)(1)(d), (f).

The Arouchians have no legal authority that could even remotely suggest that Schorr Law should somehow be obligated to continue to represent a client who refuses to bring their account current and after there has been an irreparable breakdown in the attorney client relationship. Schorr Law is not contractually, ethically or legally required to fund the Arouchians' litigation and it should not be forced to do so. The Arouchians are free to get their own counsel or to represent themselves. Their refusal to do so and suggestion that Schorr Law should be forced to remain their attorneys despite what is clearly a broken relationship is unreasonable. No one should be forced to work under the conditions that the Arouchians have created. Accordingly, Schorr Law respectfully requests that its motion to be relieved be granted.

### II. BRIEF STATEMENT OF FACTS

Schorr Law provides a brief additional statement of facts in reply to the Arouchians opposition to address the issues the Arouchians have chosen to disclose to this court.

First, the Arouchians have a signed written retainer agreement with Schorr Law wherein they agreed to pay for Schorr Law's legal services and to maintain funds in their client trust account. Since at least August 2012, Schorr Law has repeatedly asked the Arouchians to bring their account current but they have refused to do so. Instead, after refusing to pay their bill, the Arouchians did offer to pay $750/month. Schorr Law is not obligated to accept a payment plan and its written retainer agreement does not provide for a payment plan. Schorr Law expressly

rejected the offer of $750/ month. The Arouchians' present balance is $9,666.22, with a $750 per month payment plan it would take almost 13 months for the Arouchians to become current and there would be no provision for additional work that is needed on the case, like responding to the second motion to dismiss, conducting discovery, preparing for trial and trying the case.

Second, the Arouchians never advised Schorr Law of its "financial abilities" nor did it persuade the Arouchians that they needed help. These statements by the Arouchians are false.

Third, Schorr Law repeatedly provided estimates of the anticipated fees and costs associated with different aspects of this case. When Schorr Law presented the estimates and asked the Arouchians to bring their account current and provide the funds necessary to do the work the Arouchians claimed the estimates were not reasonable and then refused to pay for them. Even when Schorr Law came far under its estimates the Arouchians attacked Schorr Law.

Fourth, and finally, Schorr Law has never increased the amount it is charging. It has applied the same hourly rate to all of its work and, as always, has tried to be as efficient as possible.

## III. DISCUSSION

### A. The Arouchians Late Filed Reply Papers Should be Disregarded

Schorr Law filed the instant Motion to Withdraw as Attorney of Record for the Arouchians on November 27, 2012 with proper notice of hearing on January 28, 2013. According to Central District Local Rule 7-9 any opposition papers were required to be filed by no later than 21 days before the hearing. As a result, the Arouchians opposition papers were due by no later than January 7, 2013. The Arouchians filed their papers on January 15, 2013, over a week late. Accordingly, they should be completely disregarded. Schorr Law, in turn did not receive them until January 16, 2013. Despite the Arouchians' late filed papers, Schorr Law files this instant reply on the very same day it received the Arouchian's opposition papers.

//
//
//

Schorr Law
A Professional
Corporation

### B. This Motion Should Be Granted Because the Arouchians Do Not Contest That They Have Failed to Pay Their Bill and Maintain a Large Balance Due and a Severe Breakdown In Schorr Law's Ability to Represent the Arouchians

Under California Rules of Professional Responsibility rule 3-700 an attorney may request permission to withdraw in matters where the client (C)(1)(d) "renders it unreasonably difficult for the member to carry out the employment effectively or (C)(1)(f) breaches an agreement or obligation to the member as to expenses or fees. (California Rules of Professional Responsibility rule 3-700(c)(1)(d), (f)). Rule 3-700 by its terms applies to any breach of an attorney-client agreement. And, a withdrawal motion may also be properly based simply on a personality clash with the client. *Estate of Falco v. Decker* (1987) 188 CA3d 1004, 1014. Such a clash is grounds for allowing the attorney to withdraw.

Here, as demonstrated by, at the very least, the different in positions offered by Schorr Law and the Arouchians, it has become unreasonably difficult for Schorr Law to carry out its employment effectively. The Arouchians have fought Schorr Law at every step in the process, including Schorr Law's request to be let out of this case. The Arouchians also admit that they carry a large balance. Schorr Law is not obligated to continue to represent a client who fails to bring their account current, who fails to cooperate with them, and who quite frankly constantly attacks Schorr Law.

//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

Schorr Law should not be required to remain as the attorneys' of record for clients who have breached the terms of their retainer agreement by refusing to bring their account current for now at least five months, for clients who carry a large unpaid balance, and after there has been a serious breakdown in the attorney client relationship. The breakdown in this case is so severe that Schorr Law cannot reasonably be expected to carry on as the Arouchians' attorneys of record. It is simply unreasonable for the Arouchians to try to force Schorr Law to continue to represent them. Schorr Law cannot reasonably be expected to continue to do the legal work that is necessary in this case without expectation of full payment, without cooperation from its client and under constant attack by its client. These are not reasonable working conditions for anyone. Accordingly, Schorr Law respectfully request that it be permitted to withdraw as attorneys of record.

DATED: January 16, 2013

SCHORR LAW
A Professional Corporation

By: _____
ZACHARY D. SCHORR
Attorneys for Plaintiffs
VATCH AROUCHIAN and
PAMELA ANNE AROUCHIAN

## DECLARATION OF ZACHARY D. SCHORR, ESQ.

I, Zachary D. Schorr, declare:

1. I am an attorney at law, duly admitted to practice before the courts of the State of California and am a member of Schorr Law, A Professional Corporation. I am the attorney at my firm principally responsible for representing Vatch and Pamela Arouchian (collectively, the "Arouchians") in this action. I am also the attorney at Schorr Law, A Professional Corporation responsible for the billing and client interactions regarding this matter. As such, I have personal knowledge of the facts set forth herein that I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2. I submit this reply declaration in support of Schorr Law, A Professional Corporation and my motion to be relieved as counsel of record for the Arouchians.

3. Schorr Law provides a brief additional statement of facts in reply to the Arouchians opposition to address the issues the Arouchians have chosen to disclose to this court.

4. First, the Arouchians have a signed written retainer agreement with Schorr Law wherein they agreed to pay for Schorr Law's legal services and to maintain funds in their client trust account. Since at least August 2012, I have repeatedly asked the Arouchians to bring their account current but they have refused to do so. Instead, after refusing to pay their bill, the Arouchians did offer to pay $750/month. While this may have been useful to deal with the amount already due, it does not provide any funds to continue the work that is needed to maintain this action. Schorr Law is not obligated to accept a payment plan and its written retainer agreement does not provide for a payment plan. Schorr Law expressly rejected the offer of $750/ month. The Arouchians' present balance is $9,666.22, with a $750 per month payment plan it would take almost 13 months for the Arouchians to become current and there would be no provision for additional work that is needed on the case, like responding to the second motion to dismiss, conducting discovery, preparing for trial and trying the case.

5. Second, the Arouchians never advised me or any other member of Schorr Law of

its "financial abilities" nor did I persuade the Arouchians that they needed help. I did offer Schorr Law's legal services, but there was no persuasion. The statements by the Arouchians to the contrary are false.

6. Third, on behalf of Schorr Law I repeatedly provided estimates of the anticipated fees and costs associated with different aspects of this case. When I presented the estimates and asked the Arouchians to bring their account current and provide the funds necessary to do the work the Arouchians claimed the estimates were not reasonable and then refused to pay for them. Even when Schorr Law's bill came far below its estimates the Arouchians attacked Schorr Law.

7. Fourth, and finally, Schorr Law has never increased the amount it is charging. It has applied the same hourly rate to all of its work and, as always, has tried to be as efficient as possible.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 16, 2013 at Los Angeles, California.

_____
ZACHARY D. SCHORR

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 12100 Wilshire Boulevard, Suite 620, Los Angeles, California 90025.

On January 16, 2013, I served the foregoing document described as **ZACHARY D. SCHORR'S REPLY TO VATCH AROUCHIANS' OPPOSITION TO MOTION TO BE RELIEVED AS COUNSEL; DECLARATION OF ZACHARY D. SCHORR HEREWITH** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to:

| | |
|---|---|
| Vatch Arouchian<br>Pamela A. Arouchian<br>PO Box 1756<br>Big Bear Lake, California 92315<br>vatch@vacomm.com | Plaintiffs |
| Michael Gerst<br>Reed Smith LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, California 90071 | Attorneys for Defendants Bank of America NA and Federal Home Loan Mortgage Corporation |

[X] BY MAIL: I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

[ ] BY ELECTRONIC MAIL: I served the above-mentioned document electronically on the parties listed at the email address above, and to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

[ ] BY FACSIMILE MACHINE: The above-referenced document was transmitted by facsimile transmission and said transmission was reported as complete and without error to the fax numbers above.

Executed on January 16, 2013, at Los Angeles, California.

[X] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Karina Wallace*